# CASE ANNOUNCEMENTS
## September 17, 2008

[Cite as *09/17/2008 Case Announcements*, 2008-Ohio-4665.]

# DISCIPLINARY CASES

**2005–2394.  Toledo Bar Assn. v. Burkholder.**

On June 21, 2006, this court suspended respondent, Fred J. Burkholder, from the practice of law for a period of six months and stayed the suspension on the condition that respondent commit no further misconduct during the stayed suspension period. The court further ordered respondent to pay the costs of proceedings before the Board of Commissioners on Grievances and Discipline in the amount of $2,153.51 on or before September 19, 2006, and to pay any costs related to the publication of the order. Respondent was invoiced on March 6, 2007, for publication costs in the amount of $362.00. Respondent has not paid board costs or publication costs as ordered by the court. On August 19, 2008, this court issued an order to show cause why the respondent should not be found in contempt and suspended for failure to comply with the court's order. Respondent did not file a response to the show cause order. Upon consideration thereof,

It is ordered and adjudged by this court that respondent, Fred J. Burkholder, Attorney Registration No. 0014094, last known address in Sommerville, Massachusetts, is found in contempt for failure to comply with the court's June 21, 2006 order.

It is further ordered that the previously imposed six-month stay is revoked and that respondent shall serve the entire six-month suspension imposed on June 21, 2006, as a period of actual suspension.

It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, the respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(8)(G)(3). If employed pursuant to Gov.Bar R. V(8)(G), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(8)(G)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

It is further ordered that pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month or portion of a month of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(A)(1) for each six months or portion of six months of the suspension.

It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent pays the board and publication costs, including any and all accrued interest, (2) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio, (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, (3) respondent complies with this and all other orders of the court, and (4) this court orders respondent reinstated.

It is further ordered that respondent shall immediately:

1. Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of respondent's disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the respondent may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

It is further ordered that respondent shall keep the Clerk, the Toledo Bar Association, and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

It is further ordered, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Office of Attorney Services.

It is further ordered that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R.V(8)(D)(1), that publication be made as provided for in Gov.Bar R.V(8)(D)(2), and that respondent bear the costs of publication.