OHIO STATE BAR ASSOCIATION v. BURKHOLDER.

[Cite as *Ohio State Bar Assn. v. Burkholder,*
121 Ohio St.3d 262, 2009-Ohio-761.]

(No. 2008–2052—Submitted December 17, 2008—Decided February 26, 2009.)

_____

**Per Curiam.**

{¶ 1} Respondent, Fred J. Burkholder of Somerville, Massachusetts, Attorney Registration No. 0014094, was admitted to the practice of law in Ohio in 1983. His license to practice is under suspension for failure to comply with licensure requirements.

{¶ 2} On September 17, 2008, we found respondent in contempt of the order issued in *Toledo Bar Assn. v. Burkholder,* 109 Ohio St.3d 443, 2006-Ohio-2817, 848 N.E.2d 840, and revoked the stay of a six-month suspension imposed for professional misconduct involving improper sexual advances toward a client. See *Toledo Bar Assn. v. Burkholder,* 119 Ohio St.3d 1457, 2008-Ohio-4665, 893 N.E.2d 848. Previously, in *In re Atty. Registration Suspension,* 116 Ohio St.3d 1420,

2007-Ohio-6463, 877 N.E.2d 305, we suspended respondent's license for failure to properly register as an attorney. And before that, on April 16, 2007, we issued an interim suspension of respondent's license to practice because he was in default of court-ordered child support. See *In re Burkholder*, 113 Ohio St.3d 1455, 2007-Ohio-1751, 864 N.E.2d 643.

{¶ 3} The Board of Commissioners on Grievances and Discipline now recommends that we indefinitely suspend respondent's license to practice, precluding him from petitioning for reinstatement for at least two years from April 16, 2007. The board's recommendation is based on findings that in addition to his failure to comply with child-support and attorney-registration requirements, respondent has been convicted of criminal offenses of violence. We agree that respondent, an alcoholic now in recovery, committed professional misconduct as found by the board, and because the misconduct resulted in part from his disease, we find that an indefinite suspension is appropriate.

{¶ 4} Relator charged respondent with violations of the Disciplinary Rules of the Code of Professional Responsibility and the Rules of Professional Conduct.[1] A panel of the board heard the case, including the parties' comprehensive stipulations, and made findings of fact, conclusions of law, and the recommendation of an indefinite suspension. The board adopted the panel's findings of misconduct and recommendation.

{¶ 5} Neither party has objected to the board report.

## Misconduct

{¶ 6} Respondent at one time had a thriving domestic-relations practice in Lucas County, Ohio. By September 2001, however, he and his wife had separated, and they eventually divorced, and in October 2005, respondent turned the practice over to another lawyer so that he could focus on recovering from what had become a serious problem with alcohol. Unable to maintain sobriety even with treatment, respondent moved to Boston, Massachusetts, in September 2006 to seek help from a sister living in the area.

{¶ 7} While in Massachusetts, respondent was convicted of assault and battery, threatening to commit crimes against the person or property of another, and of twice violating an abuse-prevention order. The victim had been his fiancée. He served six months in jail and is now on probation until October 7, 2009.

---

1. Relator charged respondent with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Code of Professional Responsibility. Though we may specify both the former and current rule for the same act, the allegation represents but a single ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 1, fn. 1.

{¶ 8} As mentioned, we issued an interim suspension of respondent's license to practice on April 16, 2007, for his being in default of court-ordered child support. He testified before the panel that the child-support issues have been resolved and that he is currently paying more than his monthly child-support obligation. That suspension, like his suspension for failing to update his attorney registration, remains in effect. Respondent continues to live in Boston and abide by the terms of his probation. He hopes to return to Ohio eventually.

{¶ 9} In accordance with the parties' stipulations, the panel and board found respondent in violation of (1) DR 1–102(A)(6) and successor Prof.Cond.R. 8.4(h) (for two counts of engaging in conduct that adversely reflects on a lawyer's fitness to practice law), (2) DR 1–102(A)(3) (prohibiting illegal conduct involving moral turpitude) and Prof.Cond.R. 8.4(d) (prohibiting conduct that is prejudicial to the administration of justice), and (3) Gov.Bar R. VI(1)(D) for his failure to register as an attorney at his current address. We accept these findings of misconduct.

## Sanction

{¶ 10} In recommending respondent's indefinite suspension from practice as the appropriate sanction, the panel and board weighed the relevant aggravating and mitigating factors. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). Weighing against respondent are his disciplinary record and multiple disciplinary infractions, including his multiple criminal convictions. See BCGD Proc.Reg. 10(B)(1)(a) and (d). Mitigating factors include respondent's free disclosure of his wrongdoing and his commitment to the process of recovery from alcohol dependency. See BCGD Proc.Reg. 10(B)(2)(d) and 10(B)(2)(g)(i) through (iv) (chemical dependency mitigating upon (i) proof of a reliable diagnosis, (ii) a showing that the dependency contributed to cause the misconduct, (iii) demonstration of the successful completion of an approved treatment program, and (iv) a reliable prognosis that the attorney will be able to return to ethical professional practice under specified conditions).

{¶ 11} The panel and board paraphrased respondent's hearing testimony about his longstanding battle with alcohol:

{¶ 12} "Respondent began drinking moderately at the age of 13 or 14 and has a family history of alcoholism. His drinking increased while in law school until his late twenties when he realized it had become an issue. He sought help and quit drinking at age twenty-nine, and remained "dry" [footnote omitted] for nearly ten years. * * * Respondent served on the Toledo Bar Association's Lawyer Assistance Committee and helped others who were suffering from substance abuse. He frequently attended AA [Alcoholics Anonymous] meetings during that

period of time, but never chose a sponsor and never worked the twelve steps. Eventually he began attending fewer and fewer AA meetings until he quit participating in the AA program completely.

{¶ 13} "By October 2006, while living in Boston, Respondent's alcohol consumption had spun out of control and he was drinking a half gallon of vodka daily. Respondent got 'sober' while incarcerated and has maintained that sobriety since April 1, 2007. Since his release from jail, Respondent has attended five AA meetings per week and has participated in domestic-abuse counseling. He successfully completed an eight month in-patient alcohol abuse program. Respondent has contacted [the Ohio Lawyers Assistance Program] and hopes to participate in that program upon his return to Ohio."

{¶ 14} Respondent has satisfied the requirements of BCGD Proc.Reg. 10(B)(2)(g)(i) through (iv). Daniel Chandler, M.D., of the Tufts Medical Center in Boston, reported that respondent's alcohol abuse "almost certainly contributed to his previous misconduct." Given respondent's treatment and progress, however, Dr. Chandler concluded that respondent is "competent to return to Ohio and attempt to start working again as a lawyer" and that his continued involvement in AA is sufficient to "document combined sobriety and provide an early alarm if Mr. Burkholder needs any additional support in the future."

{¶ 15} The panel and board observed that respondent is "a talented lawyer with much to offer clients if clean and sober." Now, he "appears committed to changing his life, conquering his addiction, and returning to permanent sobriety." We accept these findings and agree that an indefinite suspension is appropriate in this case.

{¶ 16} We therefore indefinitely suspend respondent from the practice of law in Ohio. Because a portion of this sanction follows from the interim suspension for default on orders to pay child support, we also accept the recommendation, submitted jointly by the parties, to order the indefinite suspension effective as of our April 16, 2007 order in *Burkholder*, 113 Ohio St.3d 1455, 2007-Ohio-1751, 864 N.E.2d 643. Also consistent with the parties' recommendations, we order respondent to fulfill, in addition to the requirements in Gov.Bar R. V(10)(B) through (E), the following conditions to petition for reinstatement:

{¶ 17} (1) Respondent shall present evidence that he has and continues to participate actively and meaningfully in the Lawyers Support System of the Ohio Lawyers Assistance Program;

{¶ 18} (2) Respondent shall present evidence that he has entered and continues in treatment with a psychiatrist, psychologist, or other licensed health-care professional to address his history of domestic violence;

{¶ 19} (3) Respondent shall present evidence that he has completed all continuing legal education requirements;

{¶ 20} (4) Respondent shall present evidence that he is in compliance with all applicable court orders for payment of child support;

{¶ 21} (5) Respondent shall present a report from a psychiatrist, psychologist, or other licensed health-care professional stating that to a reasonable degree of psychiatric, psychological, or scientific certainty or probability, (a) respondent is emotionally and psychologically able to withstand the pressures and demands associated with the practice of law and (b) his mental health will not impair his ability to meet the demands of the practice of law. The report shall have been prepared from an assessment conducted within 30 days of the petition for reinstatement and shall be made available to relator upon request.

{¶ 22} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Eugene P. Whetzel, Bar Counsel, for relator.

Adray & Grna and James S. Adray, for respondent.