OHIO STATE BAR ASSOCIATION *v.* BURKHOLDER.

[Cite as *Ohio State Bar Assn. v. Burkholder,*

126 Ohio St.3d 1233, 2010-Ohio-4255.]

(No. 2008-2052 — Submitted August 10, 2010 — Decided August 26, 2010.)

ON PETITION FOR REINSTATEMENT.

_____

{¶ 1}  This cause came on for further consideration upon the filing on June 25, 2009, of a petition for reinstatement by respondent, Fred J. Burkholder, Attorney Registration No. 0014094.  In accordance with Gov.Bar R. V(10)(F), respondent's petition for reinstatement was referred to the Board of Commissioners on Grievances and Discipline.  The board filed its final report in this court on April 22, 2010, recommending that respondent be reinstated to the practice of law in Ohio.  No objections to the final report were filed.  Upon consideration thereof,

{¶ 2}  It is ordered by this court that the petition for reinstatement of respondent is granted and that respondent, Fred J. Burkholder, last known address in Toledo, Ohio, is reinstated to the practice of law in Ohio with the condition that his Ohio Lawyers Assistance Program contract continue for an additional two years beyond its current expiration of October 14, 2012.

{¶ 3}  It is further ordered by the court that respondent be taxed the costs of these proceedings in the amount of $1,669.53, less the deposit of $500.00, for a total balance due of $1,169.53 payable by certified check or money order by respondent on or before 90 days from the date of this order.  If costs are not paid on or before 90 days from the date of this order, interest at the rate of 10% per annum will accrue until costs are paid in full.  It is further ordered that if costs are not paid in full on or before 90 days from the date of this order, respondent may

be found in contempt and suspended until all costs and accrued interest are paid in full.

{¶ 4} It is further ordered, sua sponte, by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

{¶ 5} It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings. All case documents are subject to Rules 44 through 47 of the Rules of Superintendence for the Courts of Ohio, which govern access to court records.

{¶ 6} It is further ordered that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

{¶ 7} For earlier case, see *Ohio State Bar Assn. v. Burkholder*, 121 Ohio St.3d 262, 2009-Ohio-761, 903 N.E.2d 630.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., and O'DONNELL, J., dissent.

_____